# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA M. SCHMIDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-787-JCH |
| | ) | |
| BRANDON L. MATHIS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of the file following plaintiff's filing of her amended complaint. Plaintiff filed her amended complaint in response to the Court's Memorandum and Order issued April 4, 2019, which required plaintiff to show cause why this action should not be dismissed for lack of jurisdiction. After reviewing plaintiff's amended complaint, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006); *Continental Cablevision of St. Paul, Inc. v. U.S. Postal Serv.*, 945 F.2d 1434, 1438 (8th Cir. 1991) ("A district court must determine questions of subject matter jurisdiction before determining the merits of the case."). The Court has the duty to determine its jurisdiction, and raise the issue of subject matter jurisdiction sua sponte, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Although pro se pleadings are to be liberally construed and are held to less

stringent standards than those drafted by an attorney, they must still allege sufficient facts to establish that federal jurisdiction exists. *See Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); *City of University City, Mo. v. AT&T Wireless Servs., Inc.*, 229 F. Supp. 2d 927, 929 (E.D. Mo. 2002) (citing *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993)).

In her amended complaint, plaintiff alleges defendant assaulted her on September 28, 2017 at 1 Spring Way Drive, Saint Peters, Missouri, causing her to tear a ligament in her left leg and break her right middle finger. She seeks damages for her injuries.

Plaintiff asserts both in her amended complaint and on her civil cover sheet, that her claim has been brought under this Court's federal question jurisdiction. As the Court stated in its Memorandum and Order dated April 4, 2019, however, this action does not arise under the Constitution, laws, or treaties of the United States. Rather, this action arises under Missouri state law. Federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Additionally, both plaintiff and defendant are citizens of Missouri, so this Court has no diversity jurisdiction. *See* 28 U.S.C. § 1332. This matter falls squarely within the jurisdiction of Missouri state courts, and therefore the case will be dismissed without prejudice for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** the Court will dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

An Order of Dismissal will accompany this Memorandum and Order

Dated this 20th day of April, 2019.

        /s/ Jean C. Hamilton
        JEAN C. HAMILTON
        UNITED STATES DISTRICT JUDGE